UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

U.S.A. vs. Antwion Devon Carr            Docket No. 4:09-CR-60-1H

**Petition for Action on Supervised Release**

COMES NOW C. Lee Meeks, Jr., U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of, Antwion Devon Carr, who, upon an earlier plea of guilty to Conspiracy To Distribute and Possession With Intent to Distribute 50 Grams or More of Cocaine Base (Crack) and 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge, on April 14, 2010, to the custody of the Bureau of Prisons for a term of 84 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Antwion Devon Carr was released from custody on June 18, 2015, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Carr's criminal history includes convictions for two counts of Indecent Liberties With a Child and Assault on a Child Under 12. In consideration of the sex offense convictions, the probation officer respectfully recommends the conditions of supervised release be modified to include the below specified conditions.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the U.S. Probation Officer, the Bureau of Prisons, or any state or tribal government sex offender registration agency in a state where the defendant resides, works, is a student, or was convicted of a qualifying crime.

2. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

3. The defendant shall not possess children's clothing, toys, games, etc., without permission of the U.S. Probation Officer.

4. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

5. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

6. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

7. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

8. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

9. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

10. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.
/s/ C. Lee Meeks, Jr.
C. Lee Meeks, Jr.
U.S. Probation Officer
200 Williamsburg Pkwy Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5105
Executed On: August 31, 2015

**ORDER OF THE COURT**

Considered and ordered this __1st__ day of __September__, 2015 and ordered filed and made a part of the records in the above case.

Malcolm J. Howard
Senior U.S. District Judge